## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

No. 10-40159
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL A. MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-523-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant Miguel A. Martinez appeals his conviction for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. He challenges the sufficiency of the evidence supporting the knowledge element of the offenses.

Chief among many facts indicating Martinez's guilt was the uncontroverted evidence that he possessed more than 5,000 pounds of marijuana, valued at more than $4,000,000, hidden among pallets of cilantro in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the tractor-trailer he was driving. The evidence supported a reasonable inference that he was nervous during the canine inspection of the trailer at a border patrol checkpoint. His forehead starting sweating, and he paid more attention to the dog than to questions from the agent. The jury heard testimony from multiple witnesses that challenged the veracity of Martinez's story explaining how and where his trailer was loaded and where he purchased fuel before the inspection. A border patrol agent also described inconsistencies between the stories given by Martinez and his co-defendant at the time of the inspection. Viewed in the light most favorable to the prosecution, the evidence was sufficient to support the jury's finding of guilty knowledge. *See Jackson v. Virginia*, 443 U.S. 307, 319, 326 (1979); *United States v. Moreno-Gonzalez*, 662 F.3d 369, 373 (5th Cir. 2011) (holding sheer quantity of drugs supports inference of guilty knowledge); *United States v. Crooks,* 83 F.3d 103, 107 & n.11 (5th Cir. 1996) (holding signs of nervousness support inference of knowledge); *United States v. Casilla*, 20 F.3d 600, 606 (5th Cir. 1994) (holding implausible and inconsistent stories support finding of guilty knowledge).

Martinez asserts that many of the suspicious facts equally or nearly equally supported innocent inferences. For example, he asserts that a third party could have concealed the marijuana within his cargo of cilantro without his knowledge. He asserts that his demeanor during the canine inspection was normal for someone undergoing a canine inspection on a hot night. He shrugs off the implausibility of his story and discounts the many inconsistencies between his story and his co-defendant's as the product of different recollections of events that occurred earlier that night. That conflicting inferences can be drawn from the facts is not enough to overcome the deference owed to the jury's verdict. We "must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

AFFIRMED.